FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 07, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

COLUMBIA ORGANIC FRUIT LLC,

Plaintiff,

v.

RSO PROPERTIES LLC, a Delaware limited liability company; CSO II, LLC, a foreign limited liability company; RSO ROYAL, LLC, a foreign limited liability company; ROYAL SLOPE ORCHARDS, LLC, a foreign limited liability company; WASHINGTON ORCHARD MANAGEMENT, LLC, a foreign limited liability company; WASHINGTON ACCOUNTS, LLC, a Delaware limited liability company; LEGACY FRUIT, LLC D/B/A LEGENDARY FRUIT, a foreign limited liability company; AND INTERNATIONAL FARMING CORPORATION, LLC, a Delaware, limited liability company,

Defendants.

No. 4:26-CV-05089-RLP

ORDER GRANTING LIMITED JURISDICTIONAL DISCOVERY

Before the Court is Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction and for Relief from Federal Rule of Civil Procedure 7.1, ECF No. 19. Defendants contend that complete diversity is lacking because Plaintiff is a California citizen and the citizenship of several Defendants can be traced through

their ownership structure to a California citizen. ECF No. 19 at 1-7; ECF No. 20 at 2-3. Plaintiff opposes dismissal and requests jurisdictional discovery, arguing that the information necessary to test Defendants' asserted citizenship is within Defendants' control. ECF No. 22 at 8-12; ECF No. 23 at 2-3. Defendants maintain that the existing record establishes a lack of complete diversity and oppose Plaintiff's requested jurisdictional discovery as unnecessary and overbroad. ECF No. 24 at 4-6. Alternatively, they ask that any further jurisdictional inquiry be limited to whether any Defendant is a California citizen, with any additional information submitted in camera. ECF No. 19 at 2, 9-10; ECF No. 24 at 8.

For the reasons discussed below, the Court defers ruling on Defendants' Motion and permits the parties 30 days to conduct limited jurisdictional discovery concerning the ownership chain on which Defendants rely to establish a lack of complete diversity.

## LEGAL PRINCIPLES

Federal district courts have diversity jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a). Diversity jurisdiction requires "complete diversity" meaning "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Demarest v. HSBC Bank USA, N.A.*, 920 F.3d 1223, 1226 (9th Cir. 2019). A limited liability company is a citizen of every state of which its

owners or members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). If the Court determines at any time that it lacks subject-matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

A challenge to subject-matter jurisdiction under Rule 12(b)(1) may be facial or factual. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). At issue here is a factual challenge. A factual challenge contests the truth of the jurisdictional allegations, usually through evidence outside the pleadings. *Id.* When a defendant raises a factual challenge, the plaintiff must support its jurisdictional allegations with competent proof and bears the burden of establishing subject-matter jurisdiction by a preponderance of the evidence. *Id.*

District courts have broad discretion to permit jurisdictional discovery. *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 507 (9th Cir. 2023); *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). Jurisdictional discovery " 'should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.' " *Yamashita*, 62 F.4th at 507 (quoting *Laub*, 342 F.3d at 1093). But "a mere hunch that discovery might yield jurisdictionally relevant facts, or bare allegations in the face of specific denials," are insufficient to warrant jurisdictional discovery. *Id.* (quoting *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 864-65 (9th Cir. 2022)). Discovery is necessary only if it is possible that the plaintiff could establish

the requisite jurisdictional facts if afforded the opportunity. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).

In an action based on diversity jurisdiction, Rule 7.1 requires each party, unless the Court orders otherwise, to name and identify the citizenship of every individual or entity whose citizenship is attributed to that party. Fed. R. Civ. P. 7.1(a)(2). The Advisory Committee explains that, although discovery ordinarily should not be necessary after the required disclosures are made, discovery may be appropriate to test jurisdictional facts, including the completeness of a disclosure or the accuracy of the citizenship identified. Fed. R. Civ. P. 7.1 advisory committee's note to 2022 amendment. The Court may limit disclosure in appropriate circumstances, including when a disclosed citizenship defeats diversity or when substantial privacy interests exist and there is no apparent need for another party to conduct discovery going behind the disclosure. *Id.*

ANALYSIS

Defendants raise a factual challenge to subject-matter jurisdiction. ECF No. 19 at 5-7. Plaintiff therefore bears the burden of establishing subject-matter jurisdiction with competent proof. *Leite*, 749 F.3d at 1121. The Court concludes, however, that limited jurisdictional discovery is appropriate before determining whether Plaintiff can satisfy that burden.

Defendants’ jurisdictional challenge relies on two declarations from Eli Cheatham. ECF Nos. 20, 25. Cheatham identifies himself as President of Defendant International Farming. ECF No. 25 at 2. Cheatham states he has personal knowledge of the relevant ownership interests and is authorized to speak on behalf of the limited partnership and its partner described in his declarations. ECF No. 25 at 2. According to Cheatham, Defendant Legacy Fruit, LLC, is, directly or through intermediary LLCs, a member of six other Defendants. ECF No. 20 at 2. He further states that Legacy Fruit’s members include privately held LLCs that, directly or through intermediary LLCs, have a privately held limited partnership as a member; one partner of that limited partnership is another LLC; and one member of that LLC is a California personal trust whose trustee, Peter Nelson, is a California citizen. ECF No. 20 at 2-3. Defendants contend that this ownership chain makes Legacy Fruit and six other Defendants California citizens for diversity purposes. ECF No. 19 at 4-7.

The present record, however, does not identify the intermediary LLCs, the limited partnership, or the LLC through which Nelson’s citizenship is attributed to Legacy Fruit. ECF No. 20 at 2-3. Defendants’ Rule 7.1 disclosure likewise does not identify the individuals or entities whose citizenship is attributed to Defendants. ECF No. 18 at 2. Nor does the record contain documents substantiating the ownership relationships described in Cheatham’s declarations.

ECF Nos. 20, 25. Defendants acknowledge that their underlying ownership information is confidential and not publicly disclosed. ECF No. 19 at 3-4; ECF No. 20 at 2. And, Plaintiff states that, before filing suit, it reviewed publicly available information and its own files to identify, to the extent possible, the identities and citizenship of Defendants' members. ECF No. 23 at 2.

Under these circumstances, Plaintiff seeks more than discovery based on a "mere hunch" that jurisdictionally relevant facts might exist. *Yamashita*, 62 F.4th at 507. Defendants themselves have identified a specific ownership chain that they contend defeats complete diversity, while the identities of several entities within that chain remain undisclosed. ECF No. 19 at 4-7; ECF No. 20 at 2-3. Limited discovery directed to that chain will permit the Court to evaluate Defendants' factual jurisdictional challenge on a more complete record.

Plaintiff's proposed discovery, however, is broader than necessary to resolve the jurisdictional question. Plaintiff served identical interrogatories and requests for production on all eight Defendants seeking the identity and citizenship of every person or entity whose citizenship is attributed to each Defendant, through every layer of ownership, together with documents substantiating those relationships and citizenship determinations. ECF No. 23 at 3; ECF No. 23-3. Because complete diversity is defeated if any Defendant shares Plaintiff's California citizenship, the Court will limit discovery to the ownership chain Defendants rely on to establish

Legacy Fruit's California citizenship and, through Legacy Fruit, that of six other Defendants. ECF No. 19 at 4-7; ECF No. 20 at 2-3.

The Court also declines Defendants' alternative request to submit additional jurisdictional information for in camera review. An in camera submission would not permit Plaintiff to examine the ownership relationships on which Defendants rely. Limited jurisdictional discovery will allow those relationships to be tested before the Court resolves the jurisdictional issue.

To the extent Defendants seek protection for information produced during jurisdictional discovery, they may separately move for a protective order under Rule 26(c). A party seeking such protection bears the burden of establishing good cause and must demonstrate prejudice as to the particular material it seeks to protect. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). Broad or generalized assertions of harm are insufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). The parties are free to contract between themselves regarding disclosure of information produced in discovery and pursue appropriate remedies in the event of breach. If the parties wish to file specific items of discovery in the court record and protect such items from public access, they shall confer and jointly file a proposed narrowly tailored protective order, along with supporting statements of good cause.

The Court also defers ruling on Defendants' request for relief from Rule 7.1. Because limited discovery is necessary to test the ownership chain on which Defendants rely, the Court will defer that issue until jurisdictional discovery is complete.

Accordingly, the Court will defer ruling on Defendants' Motion and permit 30 days of limited jurisdictional discovery concerning the ownership chain described above. At the conclusion of that period, the parties shall file a joint status report advising the Court whether jurisdictional discovery is complete, whether any discovery dispute remains unresolved, and whether supplemental briefing is necessary before the Court resolves Defendants' Motion.

**ACCORDINGLY, IT IS ORDERED:**

1. The Court's ruling on Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction and for Relief from Federal Rule of Civil Procedure 7.1, **ECF No. 19**, is **DEFERRED** pending completion of limited jurisdictional discovery.

2. The parties shall have until **November 6, 2026**, to conduct limited jurisdictional discovery concerning the ownership chain on which Defendants rely to establish that Legacy Fruit, LLC, is a California citizen and, through Legacy Fruit, that other Defendants are California citizens. Jurisdictional discovery is limited to the identities and citizenship of the persons and entities comprising that

ownership chain, the relationships among those persons and entities, and documents or testimony sufficient to establish or test those jurisdictional facts.

3. Defendants' request to submit additional jurisdictional information for in camera review is **DENIED**.

4. The Court will not impose confidentiality restrictions on jurisdictional discovery at this time. The parties are free to contract between themselves regarding disclosure of information produced in discovery and pursue appropriate remedies in the event of breach. If the parties wish to file specific items of discovery in the court record and protect such items from public access, they shall confer and jointly file a proposed narrowly tailored protective order, along with supporting statements of good cause under Federal Rule of Civil Procedure 26(c).

5. On or before **November 13, 2026**, the parties shall file a joint status report advising the Court whether jurisdictional discovery is complete, whether any discovery dispute remains unresolved, and the Court can proceed to resolve Defendants' Motion to Dismiss.

The District Court Executive is directed to enter this Order and provide copies to counsel.

DATED October 7, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE